**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-6207**

_____

MYLES SPIRES,

                    Plaintiff - Appellant,

          v.

LIEUTENANT HARBAUGH; OFFICER CROWE,

                    Defendants - Appellees.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:10-cv-01597-RDB)

_____

Submitted:  June 9, 2011              Decided:  July 12, 2011

_____

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Myles Spires, Appellant Pro Se.  Nichole Cherie Gatewood, OFFICE
OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Myles Spires appeals the district court's order granting summary judgment to the Defendants on his 42 U.S.C. § 1983 (2006) complaint. For the reasons that follow, we affirm in part, vacate in part, and remand for further proceedings.

We review de novo a district court's order granting summary judgment, viewing the facts and drawing reasonable inferences therefrom in the light most favorable to the non-moving party. Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011). Summary judgment may be granted only when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). For a non-moving party to present a genuine issue of material fact, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

The district court dismissed the primary claim in Spires' complaint for failure to exhaust administrative

2

remedies. A prisoner must properly exhaust available administrative remedies prior to filing a 42 U.S.C. § 1983 action concerning prison conditions. 42 U.S.C. § 1997e(a) (2006). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). However, an inmate need not take advantage of an "unavailable" remedy, and "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). "[F]ailure to exhaust available administrative remedies is an affirmative defense, not a jurisdictional requirement, and thus inmates need not plead exhaustion, nor do they bear the burden of proving it." Id.

Spires submitted copies of two Request for Administrative Remedy forms, but the district court's opinion only addresses one. The district court found that the form provided no information as to whether it was actually filed. However, the form is signed and dated by a guard, indicating that Spires submitted the form. It appears that the form did not arrive at its intended destination, however, as the Institutional Administrative Remedy Coordinator did not

3

acknowledge that it was received. The second Request for Administrative Remedy form was received by the Institutional Administrative Remedy Coordinator (IARC) and was dismissed. That dismissal was apparently overturned by the Commissioner of Corrections, as evidenced by another copy of the same request showing a second dismissal by the IARC for a different reason.

Spires provided no direct documentary evidence that he appealed this second dismissal to the Commissioner of Corrections, other than his own averments. According to his account, he did appeal a second time but he received no response from the Commissioner. Pursuant to the agency's procedures, a non-response by the Commissioner amounts to a denial after thirty days have elapsed; a non-response is thus not fatal to Spires' claim of exhaustion. Moore, 517 F.3d at 725 (having utilized available remedies in accordance with applicable procedural rules, "a prisoner has exhausted his available remedies, even if prison employees do not respond"). Spires then appealed that denial to the Inmate Grievance Office, the third and final level of administrative review, and submitted a copy of this appeal to the district court. In the appeal to the Inmate Grievance Office, Spires specifically noted that he appealed to the Commissioner and received no response for a period of over thirty days. This secondary documentation is

consistent with Spires' account.[1]  For the purposes of opposing a motion for summary judgment, it is at least sufficient to create a genuine issue of material fact.[2]  Viewing the facts in the light favorable to Spires, we conclude that a genuine issue of material fact exists on the issue of whether he made sufficient filings to properly exhaust his available administrative remedies.

Apart from the failure to exhaust administrative remedies, the district court also found that summary judgment was warranted to the extent that Spires' complaint was based on the denial of adequate dental care.  Spires' appellate brief made no mention of this aspect of the district court's decision.  We therefore will neither consider nor disturb it.  See 4th Cir. R. 34(b) ("The Court will limit its review to the issues raised

---

[1] The Inmate Grievance Office did not acknowledge receipt of Spires' appeal.  Spires has consistently claimed that guards interfered with his filing of grievances, an explanation that would be less credible were it not for the evidence of his earlier Request of Administrative Remedy that was signed by a guard but apparently never processed by the Institutional Administrative Remedy Coordinator.  Spires also provided detailed information about the mailing of his appeal, including the date and time the mail was picked up and the identity of the guard who took it.

[2] For its part, the State alleged to the district court that Spires availed himself of none of the avenues of administrative relief.  This highly material fact is clearly disputed by Spires' submission of copies of dismissals of his administrative remedy requests.

in the informal brief."); <u>Canady v. Crestar Mortg. Corp.</u>, 109 F.3d 969, 973-74 (4th Cir. 1997).

Accordingly, we affirm the district court's grant of summary judgment to the extent Spires stated a claim for denial of dental care. We vacate the district court's judgment to the extent it was premised on Spires' non-exhaustion of administrative remedies and remand so that the district court may re-evaluate the propriety of dismissal on this basis or consider the alternative grounds raised by the summary judgment motion in the first instance. We deny Spires' request for appointment of counsel on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>